OPINION.
Defendant-appellant Deon Franklin appeals from his conviction in a bench trial for violating a temporary protective order (TPO), in violation of R.C. 2919.27. Because it is undisputed that the state failed to prove that the protective order was issued pursuant to R.C. 2919.26
— an essential element of the charged offense — Franklin's first assignment of error is sustained and his conviction must be reversed.
On May 5, 2000, two Cincinnati police officers, in response to a 911 call, went to the apartment of Melissa Christman to investigate possible domestic violence. After knocking repeatedly at the apartment door, the officers were finally admitted by the building superintendent. They found Christman and Franklin sitting together on a couch. They claimed that they did not hear the knocking because they had been showering together. Although Christman denied that Franklin had done anything wrong, Franklin was arrested and removed to a patrol car. While he was in the car, the officers learned that Franklin was the subject of a TPO that called for him to stay away from Christman's apartment. They charged him with domestic violence and with violating the protective order. Christman was arrested for obstructing official business.
The TPO had been issued in response to a motion filed on March 26, 2000, in conjunction with a complaint for domestic violence in the case numbered 00CRB-11396. Christman had not requested the TPO. Rather, it had resulted from the motion of the arresting Cincinnati police officer. On the face of the motion, pursuant to R.C. 2919.26, the arresting officer stated, "I understand that I must appear before the Court * * * within twenty-four (24) hours after the filing of this motion, for a hearing on the motion * * *."
In the portions relevant to this case, R.C. 2919.26(C)(1) permits either the arresting officer or the victim to obtain a temporary protective order under the following procedure:
 As soon as possible after the filing of a motion that requests the issuance of a temporary protection order, but not later than twenty-four hours after the filing of the motion, the court shall conduct a hearing to determine whether to issue the order. The person who requested the order shall appear before the court and provide the court with the information that it requests concerning the basis of the motion.
(Emphasis added.)
The transcript of the proceedings had on March 27 in the case numbered 00CRB-11396, stipulated to by the parties in this case, was admitted as a defense exhibit at trial. It reflects not only that the arresting officer did not appear, but that no testimony was adduced and no hearing was held. The transcript consists of only a portion of one page. The state's exhibits show that Franklin was ultimately acquitted in the March 2000 case.
In the case sub judice, after Christman and the arresting police officers had testified, the trial court granted Franklin's motion for a judgment of acquittal on the domestic-violence charge. Franklin then testified, stating, inter alia, that there had been no hearing on the TPO. Following a continuance to obtain the transcript for the proceedings that had given rise to the TPO, the trial court found Franklin guilty of violating the protective order and fined him $250 plus costs.
In his first assignment of error, Franklin challenges the sufficiency of the evidence adduced to establish that he had violated a valid protective order "issued * * * pursuant to section 2919.26 * * *," arguing that no hearing was held on the motion for the protective order within twenty-four hours, as required by R.C. 2919.26(C)(1). See R.C. 2919.27.
The United States Constitution prohibits the criminal conviction of any person except upon proof sufficient to convince the trier of fact of guilt beyond a reasonable doubt. In re Winship (1970), 397 U.S. 358,90 S.Ct. 1068. As the Ohio Supreme Court has explained in State v. Thompkins
(1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546, "sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law."
To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. SeeState v. Waddy (1991), 63 Ohio St.3d 424, 430, 588 N.E.2d 819, 825, certiorari denied (1992), 506 U.S. 921, 113 S.Ct. 338; see, also, Jacksonv. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789. The elements of the crime in this case are set forth in R.C. 2919.27, which provides that no person shall recklessly violate the terms of a protective order issued pursuant to R.C. 2919.26.
The state does not address Franklin's argument directly. Relying upon the Fifth Appellate District's decision in Reynoldsburg v. Eichenberger
(Apr. 18, 1990), Licking App. No. CA-3492, unreported, the state instead contends that Franklin "cannot prevail after he deliberately disobeyed this order, even if [this court] subsequently finds it to be invalid." We disagree. Eichenberger is distinguishable, as an evidentiary hearing was held in that case prior to the issuance of the TPO against a licensed attorney. Here, there was no evidentiary hearing to determine if a protective order was necessary to safeguard Christman from Franklin.[1]
We hold that, absent a timely hearing prior to the issuance of a TPO, the protective order is invalid, as it has not been issued pursuant to R.C. 2919.26. Therefore, no rational trier of fact could have concluded in this case that Franklin had recklessly violated a valid TPO. See R.C.2919.27; see, also, State v. Waddy. Accordingly, the first assignment of error is sustained.
The resolution of Franklin's first assignment of error has rendered the second and third assignments of error moot. See App.R. 12(A)(1)(c).
Therefore, the judgment of the trial court is reversed and Franklin is discharged from further prosecution in this case.
 ________________________ Gorman, Presiding Judge.
 Sundermann and Shannon, JJ., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] The case sub judice is also distinguishable from the situation where, after reviewing the facts presented in the preliminary proceedings, a trial court sua sponte issues a protective order.